Good morning, Your Honors. My name is Michael Donahoe. Yes, Your Honor? There's a button there if you'd like to lower the... You know, I'm okay. Okay. I'm short. Everybody's okay today. I'm fine with it. Okay. I think my colleague's going to need it up anyway. My name is Michael Donahoe. I work for the Federal Defender's Office. I'm here on behalf of Mr. Gallardo-Torres. It seems that the parties are in agreement, I think, as to the substantive role in this case. So perhaps the broader question is, is the claim ripe? I'm gathering that from the government's argument anyway. Respectfully, I think that it is. I have serious concern that the analysis set forth in Castro-Verdugo, where if the clause or the condition is not challenged in the context of the direct appeal, there's a pretty substantial waiver there. And I think that this needs to be corrected. I do recognize that what went on here with Judge Haddon was sort of ‑‑ I put it as a question. I didn't necessarily put it as an objection. I think years of practice, maybe we get conditioned to tone things down a little bit. But it was a good moment of conversation with the court, and I was seeking clarification of the condition. And I think it's susceptible to the interpretation that the time does not run, by the use of the word inactive. On top of which, that word is expressly set forth in the written condition of the judgment. So I think there is a problem here, and it does need to be corrected. Beyond that, I don't have anything else. All right. Thank you. Thank you. Good morning. Good morning. I'm Tom Bartleson. I'm an AUSA in Helena, Montana, on behalf of the United States. This court should affirm the district court in this case because Judge Haddon was reasonable, and he did not abuse his discretion. And although appellant says that there is a problem in this case, the record is clear in its totality. If the court looks at the judgment and the oral pronouncement of sentence and then the clarification with counsel, the district court was clear that although supervision after the completion of imprisonment and after deportation, after that supervision obviously can no longer be active and becomes inactive. That does not mean that the supervision stops. It does not mean in any way that it has been stayed or suspended or told. And as we put in our response brief, simply what we had here was a momentary miscommunication, which does not rise to the level of a problem that needs this court to remand for any reason. What do you think Judge Haddon had in mind in the use of that term? Inactive, Your Honor? Yeah. It simply reflects the reality that once a defendant has completed his term of imprisonment and has been deported. And has been removed to his country of origin. Exactly. The normal conditions of supervised release, such as consulting your probation officer. Right. Could not exist. Exactly. Despite the likelihood that a probation officer might want to take a junket to Mexico for other purposes in addition to supervise Mr. Torres, that's something which we all know would be unlikely to happen. And that's why the condition said specifically that it will be inactive while he's outside the United States. But upon his return, whether legally or illegally, he has 72 hours to report into probation. And you think that's different than tolling? Yes, Your Honor. How? Tolling, if Your Honor looks at Osa Gallegos, which was cited by the appellant, in that specific judgment, the district court specifically said that while the defendant is outside of the United States, that would be tolled. And so that was a case where there was an issue. But here, again, in the judgment at Excerpt of Record 3, it says it's inactive. So if you say inactive, the time clock doesn't run. Is that right? No, it runs. Oh, it does run. Exactly. But tolling, it doesn't. Yes. Okay. And the oral pronouncement of sentence as well also said inactive, Your Honor. And in the clarification with counsel afterwards, it said that while he is outside of the United States, he cannot be under active supervision. So the government believes that the issue that has brought us here today was based upon a mistaken premise that inactive means that there's a stay and the supervised release was suspended. I would just say number one condition is do not reenter the United States of America without the permission of the Attorney General of the United States, period. Right. And if you do that, you're going to get revoked and I'll establish other conditions. Why not do that? Your Honor, the conditions which were imposed were clear, and they do show essentially the same thing that Your Honor has proposed, which is that upon the completion of imprisonment, he'll be turned over to ICE for deportation because he's a noncitizen and he has this conviction, that after that he can no longer return to the United States, but there's the understanding that it would be misconduct for Mr. Torres to reenter the United States. Whether he returns to the United States with permission or without permission, as stated by the district court, he then has to respond, report into probation in order to be supervised again. The failure to do so would then toll at that point his supervised release, and his supervised release at that point would stop running. But nothing in the record shows that there's any intent by the district court to stop the running of his term of supervised release. If he follows the orders of the court in the United States, if he completes his sentence of imprisonment, is deported, and then does not return to the United States during that period of five years. Mr. Bartleson, as I get your argument, the record is after Judge Haddon says it's inactive, counsel says, yeah, and I understand that part, I'm just worried about the time running. That's why we're here. Right. Your answer is it's in the written judgment. Yes, Your Honor, and in the oral pronouncement of sentence as well, which both say it's inactive. But nowhere does the court say that it stayed, suspended, or told. Okay. I'm sure the other judges know this. I didn't see it. Is the judgment what the judge says, or what's in the JNC? The judgment is both, I think, Your Honor, are accurate, that both in the judgment at excerpt of record three and in the oral pronouncement of sentence at 50 it says inactive. And so in the government's view, what the district court did was reasonable, and it was not an abuse of discretion. And absent any further questions from the court, I would yield back my time and rely upon my brief. Thank you. Thanks, counsel. Do you have anything further? Judge Pratt, I just wanted to state that as between the oral pronouncement, I'm sure Your Honor knows this, and the written judgment, the oral pronouncement would control. So that's the rule as I understand it. And I don't want to make a lot out of this. I have a good relationship with this court, Judge Haddon's court, I mean. One, two. Thank you. And I work there pretty frequently. But it went unclarified, and I sort of begged for some clarification there. And the outcome is, well, somebody else is going to have to answer that at a later time. And presumably that meant this court. And if that meant this court, then I had to bring it up. And the shutdown on the issue was, I think your record is protected, counsel, and I'm here to further protect my record. That's why I'm here. So thank you very much. All right. We appreciate that. Thank you. The case just argued, United States v. Gallardo-Torres, is submitted. Thank you again both for coming over from Montana.
judges: Hawkins, McKeown, Harpool